## Bernard Seitman v. Bernard H. Seitman.

1. CONTRACT—*when money cannot be recovered under.* Money agreed to be paid for services rendered cannot be recovered unless the performance of such service is established.

Action of assumpsit. Error to the Circuit Court of Effingham County; the Hon. SAMUEL L. DWIGHT. Judge, presiding. Heard in this court at the February term, 1905. Reversed, with finding of facts. Opinion filed September 8, 1905.

S. F. GILMORE, for plaintiff in error; F. W. LOY, of counsel.

R. C. HARRAH, BENSON WOOD and B. OVERBECK, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit, in the Circuit Court of Effingham County, by defendant in error against plaintiff in error, to recover damages for alleged breach of contract. Trial by jury. Verdict and judgment in favor of defendant in error for $2,500. The parties to the suit are son and father.

The declaration charges that "the defendant (plaintiff in error here), on, to-wit, the 8th day of August, A. D. 1875, being the owner in fee of certain real estate, situate in Effingham county, Illinois, did then and there promise and agree with the plaintiff that if plaintiff would work and labor for the defendant on said real estate and assist him in taking care of, managing and controlling the same, he, the defendant, at his death would leave the said real estate, and such real estate as he might thereafter become seized of, to de-

scend by law to the plaintiff as a *compensation* for the plaintiff for work, labor and services performed by plaintiff on said real estate for the defendant, and that he would not sell, encumber or convey the same away, the plaintiff being the only son and heir of the defendant.

"And plaintiff avers that he then and there, confiding in the said promise and agreement, did then and there enter into the employ of said defendant, and has from thence hitherto worked and labored with his family and servants upon said lands for the defendant, and the said defendant has from thence hitherto *accepted the labor and services* of the *plaintiff*, his *family* and *servants* done by them on the said real estate under said *promise* and *agreement*.

"And plaintiff avers that the defendant, not regarding his said promise and agreement made by him as aforesaid, did, on the 17th day of June, A. D. 1901, notify the said plaintiff that he did not intend to perform the said contract on his part; and that plaintiff should not have any part of the said real estate for the work and labor which he had performed as aforesaid under the agreement aforesaid, and afterwards, to-wit : on the 2nd day of November, 1903, did, by deed, convey away to a person, other than the plaintiff, the said real estate, including all the real estate he had acquired and possessed during the time he worked on the said real estate for the defendant under the agreement aforesaid, whereby the plaintiff has been deprived of the value of the labor and services of himself, family and servants, performed for the defendant as aforesaid, and a cause of action hath accrued to plaintiff to demand and receive of defendant the value of the wages, labor and services performed by the plaintiff for the defendant aforesaid, etc."

It is not claimed by defendant in error that there was any written contract between the parties with respect to the subject-matter of this suit. His own version, in his own words, of the contract upon which he relies is as follows :

Question. "Now, if you had any agreement with your father after you became of age, tell what it was ? "

Seitman v. Seitman.

Answer. "Well, when I came of age he couldn't pay me no money, but I had to work for him and take care of him, and so he going to let the land go to me after his death."

Question. "How long after you was of age did he tell you that?"

Answer. "It was right when I was of age."

Question. "Tell me what you did after that?"

Answer. "Well, I got married in February after I was of age." * * * "After we were married I said we work together and tend the farm and take care of him, and he let the land go to me. He didn't have money to pay me, but after he was dead all the land go to me."

It will be observed that the contract required of defendant in error much more than is averred in the declaration. It required that he should take care of plaintiff in error, as well as to work on the farm and assist in taking care of it.

This contract has been before this court in a suit between these same parties, on a former occasion, and the case is reported in 106 Ill. App. 671. And the same case was before the Supreme Court, 204 Ill. 504. This was a case in chancery, and it is not contended that the judgment there is a bar to the proceeding here, but the contract is the same and the evidence in many of its controlling features is substantially the same. It is true that the evidence in this record shows that since the former suit was here the land has been sold and the evidence is fuller and more in detail in some respects, but in the main it is substantially the same as to the contract and conduct of the parties, and impresses us now much the same as it impressed the Supreme Court then. In that case the court said : "The evidence in this record shows that about a year after appellant (defendant in error here,) became of age he married, and he and his wife resided with his parents about two years, until the death of his wife. (He continued to reside there while he was a widower.) Within two or three years thereafter the son re-married and brought his second wife to his parents' home, where they resided as one family until 1890, when appellant (defendant in error here), with his second wife,

moved to another farm, to which, by the consent of his
father, he took stock, farming implements and other prop-
erty, but continued to farm the lands of his father, paying
as rent therefor one-third of the crops, except hay and
pasture land, which he received free of charge.    Instead,
therefore, of receiving no compensation for his labor, he re-
ceived two-thirds of the crop, and this clearly indicated an
abandonment of the contract relied upon."    *    *    *    "In
September, 1900, the mother died.    The father being left
entirely alone, then requested the son to move into the old
home with him, which he refused to do.    *    *    *    The
evidence fails to show any special care for the father on the
part of the son,—at least no more than a son should render
without the hope or expection of remuneration.    Nor has
he done anything by way of repairing or caring for the
property, especially the homestead."

We are of opinion that if these parties ever understood
prior to the commencement of this litigation, that they sus-
tained, at any time, such contractual relations towards each
other as is now claimed, that relation was abandoned in
1890, when the personal property was divided and the son
moved to himself.    There is no evidence tending to prove
that defendant in error has kept and performed his part of
the contract as he, himself, states it, nor that plaintiff in
error has waived the same or accepted such substitution
thereof as to render him liable thereon.

The judgment of the Circuit Court is reversed.

*Reversed with finding of facts.*

We find as ultimate facts to be incorporated in the judg-
ment, that defendant in error has failed to prove the con-
tract as set up in his declaration; that he did not keep and
perform the undertakings and duties on his part to be kept
and performed by the terms of such contract as the evidence
tends to prove.    That plaintiff in error is not indebted to
defendant in error in any sum, with respect to the alleged
contract or the subject matter thereof.